IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 12-5710 (ESL)

MJS LAS CROABAS PROPERTIES, INC.                         CHAPTER 11

     Debtor

<u>OPINION AND ORDER</u>

This case is before the court upon the *Response to HOA's Motion Withdrawing Document and to Vacate Hearing* filed by the Federal Deposit Insurance Corp. ("FDIC") (Docket No. 491) and the *Motion Joining FDIC-R's Response to HOA's "Motion Withdrawing Document and to Vacate Hearing" and FDIC-R's Request for Sanctions* (Docket No. 497) filed by the Chapter 7 Trustee (the "Trustee"). The FDIC and the Trustee seek sanctions against the Homeowners Association of Ocean Club at Seven Seas ("HOA") and its legal counsels for withdrawing the *Motion for Relief from Automatic Stay under 11 U.S.C. § 362* (Docket No. 472) on September 8, 2014 at 4:51 p.m., that is, on the eve of the hearing scheduled for September 9, 2014. Also before the court is the *Opposition to Request for Sanctions* (Docket No. 508) filed by the HOA. For the reasons stated herein, the request for sanctions is hereby granted in part and denied in part.

Factual and Procedural Background

The Debtor filed a Chapter 11 voluntary petition on July 19, 2012. <u>See</u> Docket No. 1. On September 13, 2012, the case was converted to Chapter 7. <u>See</u> Docket No. 351.

On August 14, 2014, HOA filed a *Motion for Relief from Automatic Stay under 11 U.S.C. § 362* (the "*Motion for Relief from Stay*) "in order to pursue a cause of action against the debtor for all construction defects of the development … to be presented before the Department of Consumer Affairs of the Commonwealth of Puerto Rico. According to the law and the applicable caselaw, the Department of Consumer Affairs (DACO by its initials in Spanish) has primary jurisdiction over the aforementioned case or controversy" (Docket No. 472, p. 4). The

*Motion* was filed by HOA's legal counsel, Ms. Anabelle Quiñones Rodríguez (USDC-PR 219908) from the Castellanos Law Group Firm L.L.C.[1] ("Castellanos Law Firm"), through the Case Management/Electronic Case Filing system ("CM/ECF")[2]. Her email of record, as it appears on the electronic signature of said *Motion*, is *anabelle@cglawpr.com* and the telephone number of the Castellanos Law Firm, as disclosed therein, is 787-641-8447. See Docket No. 472, p. 5.

On August 15, 2014, the court issued summons scheduling a hearing to consider the HOA's *Motion for Relief from Stay* for September 9, 2014 at 9:00 AM. See Docket Nos. 472-3 and 474.

On August 19, 20, and 21, 2014, the FDIC's local counsel, Toro, Colón, Mullet, Rivera & Sifre, P.S.C., telephoned the HOA's legal counsels' office, to wit, the Castellanos Law Firm, at their phone number of record, 787-641-8447, at 6:16 p.m., 2:34 p.m., and 2:02 p.m., respectively. See Docket No. 521-2, Exhibit 2, p. 3.

On August 27, 2014, the FDIC filed a *Motion for Extension of Time* to reply to HOA's *Motion for Relief from Automatic Stay* stating as follows:

> In a genuine, honest, and good faith effort to resolve concerns regarding several potential procedural and substantive defects inflicting the Motion for Relief, the FDIC-R has attempted − on numerous occasions − to speak with HOA Ocean Club's counsel. Specifically, the FDIC-R's undersigned counsel [Mr. Manuel Fernández Bared and Mr. Brian M. Dick-Biascoechea] called HOA Ocean Club's counsel last week, this past Monday, and Tuesday. Several emails were also sent in the course of the last two weeks. However, HOA' Ocean Club's counsel has not responded to any of these communications.
>
> The FDIC-R prefers to resolve its concerns without having to object to the Motion for Relief, so in view of the above, respectfully requests a very modest extension of seven (7) calendar days, through Thursday, September 4, 2014, to make a final effort to speak with HOA Ocean Club's counsel, or, if necessary, otherwise prepare and file its response to the Motion for Relief.

Docket No. 479, p. 1, ¶¶ 2-3.

---

[1] See Docket No. 508-1, Exhibit 1, p. 1, ¶ 1.

[2] Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". P.R. Elec. Power Auth. v. Vitol, Inc., 298 F.R.D. 23, 26 (D.P.R. 2014). Attorneys that file motions through the CM/ECF bear the responsibility of keeping the information in their CM/ECF accounts current. See CM/ECF Manual for the U.S. District Court for the District of Puerto Rico, p. 7 (2011); PR LBR 5005-4.

On August 28, 2014, Trigild Incorporated ("Trigild")[3] filed a *Motion for Extension of Time* (Docket No. 480) joining the FDIC's *Motion for Extension of Time*.

On August 29, 2014, the FDIC's local counsel, Mr. Brian M. Dick-Biascoechea, telephoned the Castellanos Law Firm at 3:53 p.m. (Docket No. 521-2, Exhibit 2, p. 3, and Docket No. 521-3, p. 1, ¶ 7), and at 4:51 p.m. wrote an email to Ms. Anabelle Quiñones Rodríguez as follows:

From:        Brian M. Dick-Biascoechea
Sent:        Friday, August 29, 2014 4:51 PM
To:          'anabelle@cglawpr.com'
Cc:          Manuel Fernandez Bared; Jeffrey (jsandell@FDIC.gov)
Subject:     In re MJS Las Croabas- Motion for Relief from Stay

Hello Ms. Quiñones-Rodríguez:

My name is Brian Dick Biascoechea, I represent the FDIC as receiver for Westernbank in the case of MJS las Croabas, developer of the residential project known as Ocean Club at Seven Seas. I would like to speak with you as soon as possible concerning your client's request from relief from stay. I called your office but was unable to reach you. Brother counsel Manuel Fernández Bared has also tried contacting you on several occasions since you filed the motion for stay relief, to no avail.

Undeniably, all parties, as well as the Court, will benefit from a discussion of your client's objectives and your understanding of the law in this matter. It is in all our interests to dissipate any disagreements regarding your request before the FDIC, Trigild and the Trustee contest your motion next week. Per our motion for extension of time filed on August 27, 2014, the Court is already aware that we are trying to contact you for these purposes.

Let us know what time we can speak, or, simply give me a call using the contact information below.

Best wishes,

Brian M. Dick-Biascoechea

---

[3] Trigild is a court-appointed receiver pursuant to the *Appointment of Receiver* issued by the U.S. District Court for the District of Puerto Rico ("District Court") in Case No. 12-1187 (ECF No. 24, p. 10, ¶ 26(d)) and 11 U.S.C. § 543(D)(1). The Debtor has four mortgages that are being foreclosed on by the FDIC as Receiver of Westernbank (FDICR) in the District Court under Case No. 12-1187. The loan documents that were subscribed between the Debtor and Westernbank provided that upon an event of default, the lender could apply for the appointment of a receiver to administer the property. On March 16, 2012, the FDIC requested the District Court to appoint Trigild as receiver of the Debtor and on April 30, 2012, the District Court granted such request.

Docket No. 521-4, Exhibit 4, p. 1.

On August 29, 2014, the Trustee filed a *Motion for Extension of Time…* (Docket No. 481) requesting nine (9) days to file an opposition to HOA's *Motion for Relief from Stay*.

The HOA did not reply or object to any of the aforementioned motions for extension of time by the FDIC, Trigild and the Trustee. Hence, on September 2, 2014, the court entered three (3) separate *Orders* granting the extensions of time sought by each party. See Docket Nos. 482, 483 and 484.

On September 3, 2014, Trigild's legal counsel, Ms. Wilnerys Alvarez Rivera, from Mellado & Mellado-Villareal, wrote an email to HOA's legal counsel, Ms. Anabelle Quiñones Rodríguez, as follows:

> From:        Wilnerys Alvarez Rivera
> Sent:        Wednesday, September 03, 2014 6:54 PM
> To:          anabelle@cglawpr.com
> Cc:          Jairo Mellado
> Subject:     MJS Las Croabas – HOA
>
> Dear Attorney Quiñones:
>
> We are writing on behalf of Trigild, Inc. We have tried to reach you at your office several times, however, we have not received any response. Trigild has some concerns with the HOA's Motion for Relief from Automatic Stay that we would like to discuss without having to object to the HOA's motion. Trigild has until tomorrow to file its opposition to HOA's motion, therefore we hope to receive a response from you before then.
>
> Best Regards,
>
> Wilnerys Alvarez-Rivera, Esq.

Docket No. 486-1, Exhibit 1, p. 1.

On September 4, 2014, the FDIC and Trigild filed separate *Opposition[s] to Motion for Relief from Automatic Stay* (Docket Nos. 485 and 486) contending that: (a) the HOA failed to meet its burden to establish cause to lift the automatic stay; (b) the claims pursued by the HOA were time-barred; and (c) the HOA lacks standing to pursue claims for individual residents.

-4-

On September 8, 2014 at 4:51 p.m., the HOA filed a *Motion Withdrawing Document and to Vacate Hearing* stating that "[t]he HOA hereby withdraws the [*Motion for Relief from Stay*] without prejudice" and requesting that "this [] Court vacates [*sic*] the hearing scheduled for September 9, 2014", to wit, the next day at 9:00 a.m. (Docket No. 490, p. 1, ¶¶ 2-3).

On September 9, 2014 at 6:52 a.m., the FDIC filed a *Response to HOA's Motion Withdrawing Document and to Vacate Hearing* sustaining that: (a) the HOA's the withdrawal of the *Motion for Relief of Stay* by the Castellanos Law Firm at almost 5:00 p.m. of the day before the scheduled hearing is "unprofessional and contemptible"; (b) the "Castellanos [Law Firm] categorically refused to respond to any communications concerning its *Motion for Relief*" made by the FDIC; (c) because the Castellanos Law Firm did not respond to any of the FDIC's attorneys' communications, the FDIC "had no choice but to prepare and file [an] extensive response to the Motion for Relief -- and fly from Dallas, Texas to San Juan, Puerto Rico to attend [the] hearing [to be held the next day] on such motion"; (d) the HOA's *Motion to Vacate* was filed "without any advance notice or explanation to any other parties" as to why the *Motion for Relief from Stay* was being withdrawn at the eve of the hearing to that effect; and (e) the "Castellanos [Law Firm] (or the HOA) should be ordered to pay the expenses and costs incurred by the FDIC in having to respond to the frivolous *Motion for Relief from Stay* and preparing and traveling for the hearing on such motion" (Docket No. 491, pp 1-2).

At the hearing held on September 9, 2014, the court considered the parties' arguments and advanced that "if the failure to answer calls prompted the respondent to incur expenses, they should be compensated" but withheld a final determination until the HOA filed its response "because as a matter of due process, [the HOA] should be given time to respond to the allegations [in the FDIC's *Response*] which, in [the court's] opinion, are serious allegations" (Docket No. 499, p. 7, lines 16-18). The HOA requested ten days to do so, but the court *sua sponte* granted it fourteen. The period would commence from the date that the Trustee filed his motion for sanctions. See Docket Nos. 493 and 499.

On September 19, 2014, the Trustee filed a *Motion Joining FDIC's Response to HOA's "Motion Withdrawing Document and Vacate Hearing" and FDIC's Request for Sanctions* alleging that none of the attempts by the attorney for the Trustee to contact the HOA's attorney were successful and that the HOA's actions "show bad faith" inasmuch its attorneys "avoided communications and waited for approximately twenty-five (25) days after the filing of the motion to lift stay to withdraw the same without reason and [] still expect that this [] Court will leave the door open to a new filing" (Docket No. 497, p. 4, ¶ 11). The Trustee also avers that the "HOA and their counsel have unnecessarily increased administrative expenses of the estate which Trustee represents." Id., p. 4, ¶ 12. The Trustee seeks sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

On October 2, 2014, the court entered *Orders* granting expenses and costs incurred by the FDIC and the Trustee (Docket Nos. 500 and 501).

On October 2, 2014, the HOA filed an *Ammended [sic] Motion to Vacate* (Docket No. 503) alleging that the October 2, 2014 *Orders* were entered prematurely.

After a several procedural events[4], on October 8, 2014, the HOA filed an *Opposition to Request for Sanctions* (Docket No. 508) without the objection language required PR LBR 9031-1(c), although the court's *Order* at Docket No. 507 had cautioned the HOA to include it. The HOA alleges that: (a) pursuant to the American Rule that impedes fee shifting upon the prevailing party, because the HOA prevailed on the withdrawal of the *Motion for Relief from Stay* (Docket No. 490), it should not be sanctioned; (b) law firms are not responsible for the signature of their attorneys; (c) the FDIC filed its "motion in opposition and requesting sanctions at 6:52 AM on the same date that the hearing was going to take place, thus making sure that the undersigned did not have any time to read it, let alone prepare to react to it in Court"; (d) the "FDIC had retained local counsel by means of Toro, Colon, Mullet, Rivera & Sifre, P.S.C. which have appeared to all or most of the proceedings in the instant case"; (e) "General Orders in the Bankruptcy Court permit counsel to appear telephonically to a hearing,

---

[4] See Docket Nos. 502, 504 and 507.

-6-

thus the expenses incurred in travelling to Puerto Rico for this hearing could have been avoided"; (f) "it was impossible for [the HOA's counsel] to guess that counsel for the FDIC was going to be travelling to Puerto Rico for this hearing or that any of the movant parties understood that [HOA's] filing of the motion requesting relief from stay warranted sanctions under [Fed. R. Civ. P.] 11"; and (g) "[w]hat the movants are pretending is to negate the HOA access to the Court to seek redress of their grievances, or worse yet, to penalize them for exercising their constitutional rights by employing trial by ambush techniques such as filing a motion on the same date of the hearing thus depriving the undersigned of presenting arguments before the Court".

On October 16, 2014, the court entered an *Order* vacating its previous orders at Docket Nos. 500 and 501 granting expenses and costs incurred by the FDIC and the Trustee.  See Docket No. 513, p. 2, lines 13-16.   In addition, "because the *Opposition to Request for Sanctions* (Docket No. 508) [did] not contain the objection language required in PR LBR 9013-1(c) as cautioned by the court, the FDIC and the Trustee [were] granted 21 days to file replies to HOA's opposition to the requests for sanctions" (Docket No. 513, p. 2, lines 17-20).

On October 28, 2014, the Trustee filed a *Reply to HOA's … Opposition to Request for Sanctions* (Docket No. 518) arguing that: (a) the HOA's *Motion for Relief from Stay* "failed to allege sufficient grounds to comply with the 13-factor test recognized in this District to determine if cause exists to lift or modify the automatic stay"; (b) "[c]ounsel for HOA neglected to adequately explain how she complied with the requirements of [Fed. R. Bankr. P.] 9011"; and (c) HOA's counsel "failed to provide any evidence that she made a pre-filing reasonable inquiry to determine whether HOA had a colorable claim and that 'cause' existed to lift the stay".

On October 30, 2014, the HOA filed a *Motion for Reconsideration* (Docket No. 519) of the *Order* entered on October 16, 2014 (Docket No. 513) whereby the court granted the FDIC and the Trustee 21 days to reply to the HOA's *Opposition to Motion for Sanctions* sustaining that "the term awarded is not only excessive; it is not contemplated in any of the Local

Bankruptcy Rules, the Federal Rules for Bankruptcy or in the Puerto Rico Local Rules for the US District Court for that matter". Conversely, the HOA argues that PR LBR Local Rule 7(c) for the District of Puerto Rico is applicable through PR LBR 1001-1(b), which allows respondents 7 days to file for leave and reply to an opposition. The HOA requests that "any reply filed [by the FDIC or the Trustee] should be stricken from the record or not considered for review as it is untimely" under said rule.

On November 6, 2014, the FDIC filed a *Reply to HOA's Opposition to the Request for Sanctions* (Docket No. 521) contending that: (a) sanctions against the HOA and its legal counsel are warranted under Fed. R. Bankr. P. 9011, Fed. Rs. Civ. P. 11, 16(f), 26(g), 30(g), 41(b), 56(h), the doctrine of inherent powers, and/or 28 U.S.C. § 1927; and (b) the sanctions are constitutional in the instant case.

On November 13, 2014, the FDIC filed a *Response to the HOA's Motion for Reconsideration of Order* (Docket No. 522) asserting that the court did not abuse its discretion, as the HOA argues, when it granted the FDIC and the Trustee 21 days to reply to the HOA's opposition to the requests for sanctions, but rather "followed all the procedural rules available" because PR L. Civ. R. 1(f) (2009) grants the court the authority to enlarge the time to file a reply *sua sponte*.

### Jurisdiction

The court has jurisdiction to determine the instant contested matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). The power to sanction will be further discussed in subsection (B), *infra*.

### Applicable Law and Analysis

*(A) The HOA's Motion for Reconsideration of the Order entered on October 16, 2014*

The court will first consider the HOA's *Motion for Reconsideration* (Docket No. 519) for its direct impact on the subsequent filing of the FDIC's *Reply to the HOA's Opposition to the Request for Sanctions* (Docket No. 521).

On October 7, 2014, the court entered an *Order* (Docket No. 507) granting the HOA's request for leave to file an opposition to the FDIC's request for sanctions (Docket No. 504). In that *Order,* the court expressly "caution[ed] [the HOA with] compliance with PR LBR 9013-1(c)" (Docket No. 507), which reads as follows:

**Required Response Time Language Must be Included on All Papers.**

(1) *Usual Papers*. Adequate notice must be given to interested parties of the time to respond to every motion, application, or objection to exemption. Motions with a different response time are set forth in paragraph (2) below. This notice may be in single or double space, must be in at least 11 point type, and must contain language substantially similar to the following:

NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

(2) *Motions with Different Response Times*. A different objection/response time applies to the following matters and should be substituted for the fourteen (14) day period above:

(A) Application to Compromise B twenty-one (21) days;
(B) Motion/Notice of Intended Sale B twenty-one (21) days;
(C) Motion to Amend or Modify a Plan B twenty-one (21) days;
(D) Motion to Shorten Time (Expedited Treatment) B left to discretion of court, above language should not be used;
(E) Urgent Motion for Relief B left to discretion of court, above language should not be used; and
(F) Motion to Dismiss in chapter 7, 12, and/or 13 cases - thirty (30) days.

(3) *Affidavit of Military Service.* At the time of the filing of any motion requesting a remedy which may be granted by the court for a party's failure to

respond after notice and a hearing, the movant must certify whether or not the respondent is a service member, as required by § 201(b)(1) of the SCRA.  If the movant fails to provide the required affidavit, the motion will be denied.

PR LBR 9013-1(c).

PR LBR 9013-1(c) implements Fed. R. Bankr. P. 9013 and the "after notice and a hearing" concept established in Section 102(1)(A) of the Bankruptcy Code, which affords an opportunity to be heard "as is appropriate in the particular circumstances".  11 U.S.C. § 102(1)(A).

Upon cautioning the HOA to comply with rule PR LBR 9013-1(c) and to include such objection language in the *Opposition to Motion for Sanctions*, the court considered that the FDIC's initial motion for sanctions (Docket No. 491) was hurriedly prepared and filed about 14 hours after the HOA's filing of the *Motion Withdrawing Document and to Vacate Hearing* (Docket No. 490)[5] on the eve of the September 9, 2014 hearing.  During that hearing, the court afforded the HOA fourteen (14) days[6] to file a supported opposition in light of the FDIC's serious allegations.  See Docket No. 499, p. 7, lines 14-23.  Once the HOA filed its *Opposition* (Docket No. 508), the court afforded the FDIC and the Trustee the same due process it had previously afforded to the HOA.

This court has the authority to waive or modify the requirements in the Local Bankruptcy Rules as follows:

> *Waiver or Modification of Local Rules.*  The provisions of these rules may be waived or modified in any case or proceeding, on motion or on the court's own initiative, for the convenience of the parties or in the interest of justice, as determined by the court.

PR LBR 1001-1(c).

---

[5] The court notes that the *Motion Withdrawing Document and to Vacate Hearing* (Docket No. 490) did not have include an objection language.

[6] Although the HOA requested 10 days to file such response, the court *sua sponte* granted it 14 days to do so:

> THE COURT: So how much time do you need to respond [to the FDIC's request for sanctions]?
> MS. QUINONES: Ten days.
> THE COURT: I'll grant you fourteen days to file a response.
> MS. QUINONES: Thank you.
>
> Docket No. 499, p. 7, lines 19-22.

Pursuant to such authority, the court cautioned the HOA to include the objection language of PR LBR 9013-1(c) in her *Opposition to Motion for Sanctions*. See Docket No. 507. Because the HOA did not do so in spite of the court's warning, in the interest of justice and to preserve the parties' due process, the court *sua sponte*[7] modified the LBR's to afford for the FDIC and the Trustee an opportunity to file responses to the HOA's *Opposition*. See Docket No. 513, p. 2, lines 17-20. The FDIC and the Trustee filed their respective replies to HOA's *Opposition* within the deadline established by the court. Therefore, the HOA's *Motion for Reconsideration* (Docket No. 519) is hereby denied.

*(B)      Sanctions in general*

"Sanctions stem, in part, from a need to regulate conduct during litigation. Thus, a sanction may properly have a punitive aspect." Goya Foods, Inc. v. Wallack Mgmt. Co., 344 F.3d 16, 20 (1st Cir. 2003) (citations omitted). Bankruptcy courts generally have three sources of power from which to impose sanctions: (a) Fed. R. Bankr. P. 9011 (which parallels Fed. R. Civ. P. 11); (b) 28 U.S.C. § 1927; and (c) the inherent power of the court[8]. See Banco Bilbao Vizcaya Argentaria Puerto Rico v. Vazquez (In re Vazquez), 2011 Bankr. LEXIS 3426 at **4-7, 2011 WL 388924 at **1-2 (Bankr. D.P.R. 2011); Sunshine Three Real Estate Corp. v. Housman (In re Sunshine Three Real Estate Corp.), 2010 Bankr. LEXIS 1291 at *6, 2010 WL 1541428 at *3 (Bankr. D. Mass. 2010); Mapother & Mapother, P.S.C. v. Cooper (In re Downs), 103 F.3d 472, 477 (6th Cir. 1996) (Bankruptcy Courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct); In re 680 Fifth Ave. Assoc., 218 B.R. 305, 323 (Bankr. S.D.N.Y. 1998) ("Bankruptcy courts have the same inherent sanction authority as district courts…"); In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 105 (3rd Cir. 2008) (the bankruptcy court has authority to impose sanctions under § 1927); Stone v. Casiello (In re Casiello), 333 B.R. 571, 575 (Bankr. D. Mass. 2005) (same); In re Lincoln North Assocs. Ltd. P'ship, 163 B.R. 403 (Bankr. D. Mass. 1993) (same); Kimberli A. Cary, The Arsenal of

---

[7] See footnote no. 6, *supra*.

[8] See Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980) (recognizing the "well acknowledged" inherent power of a court to levy sanctions in response to abusive litigation practices, quoting Link v. Wabash R.R. Co., 370 U.S. 626, 632 (1962)).

Sanctioning Powers at the Bankruptcy Court's Disposal, 13 Bank. Dev. J. 443, 444 (Spring 1997). These sources overlap and are not mutually exclusive. See Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991) (finding that, despite Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 both being potentially applicable, court was not required to resort to using them when inherent power of court was best suited to facts); Danielle Kie Hart, And the Chill Goes on--Federal Civil Rights Plaintiffs Beware: Rule 11 vis-à-vis 28 U.S.C. § 1927 and the Court's Inherent Power, 37 Loy. L.A. L. Rev. 645 (2004) (exploring the interaction of Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and inherent power of court).

"The mildest [form of sanctions] is an order to reimburse the opposing party for expenses caused by the failure to cooperate. More stringent [sanctions] are orders striking out portions of the pleadings, prohibiting the introduction of evidence on particular points and deeming disputed issues determined adversely to the position of the disobedient party. Harshest of all are orders of dismissal and default judgment." Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2nd Cir. 1979). Also see In re Emanuel, 422 B.R. 453, 464 (Bankr. S.D.N.Y. 2010) (an award for reasonable attorneys' fees and expenses incurred "is the mildest form of sanctions"). A sanction's "essential purpose [is] to compensate for an injury that has already occurred and cannot be undone." Id. at 464.

The court will examine the HOA's actions in the instant case under the scope of each separate source for sanctions.

(C)    Sanctions under Fed. R. Bankr. P. 9011 and Fed. R. Civ. P. 11

A request for sanctions under Fed. R. Bankr. P. 9011 must be made separately from other motions or requests. The motion must be served in the manner provided by Fed. R. Bankr. P. 7004 and within the time determined under Fed. R. Bankr. P. 9006(d). See Fed. R. Bankr. P. 9014(b). "Sanctions may not be imposed unless the respondent has been given notice and a reasonable opportunity to respond." In re Terron Hernandez, 513 B.R. 172, 179 (Bankr. D.P.R. 2014). When a bankruptcy court considers a motion for sanctions, a "full evidentiary

-12-

hearing is not required; the opportunity to respond by brief or oral argument may suffice." In re Emanuel, 422 B.R. at 464.

The record of the case demonstrates compliance with these requirements. Although the FDIC's[9] and the Trustee's initial request for sanctions under Fed. R. Bankr. P. 9011 was jointly made with a request for the court to proceed with the hearing scheduled for September 9, 2014 and to declare that the withdrawal requested by the HOA be made with prejudice (Docket Nos. 491 and 497), their subsequent replies (Docket Nos. 518 and 521) cure such defect. Therefore, the court will consider the request for sanctions by the FDIC and the Trustee under Fed. R. Bankr. P. 9011.

Fed. R. Banrk. P. 9011(b) states as follows:

*Representations to the Court*. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; …

Fed. R. Bankr. P. 9011(b).

Similarly, Fed. R. Civ. 11(b) states as follows:

*Representations to the Court.* By presenting to the court a pleading, written motion, or other paper --whether by signing, filing, submitting, or later advocating it-- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[9] The court notes that although the FDIC's initial request for sanctions does not cite Fed. R. Bankr. P. 9011, the cases it cited discuss Fed. R. Civ. P. 11.

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; …

Fed. R. Civ. P. 9011(b).

As can be seen, Fed. R. Bankr. P. 9011 "parallels Federal Rule of Civil Procedure 11 [], containing only such modifications as are appropriate in bankruptcy matters and … accordingly, [the] application of Rule 9011 is informed by Rule 11 jurisprudence." Klein v. Wilson, Elser, Moskowitz, Edelman & Dicker (In re Highgate Equities, Ltd.), 279 F.3d 148, 151 (2nd Cir. 2002) (quotations omitted). Also see In re D.C. Sullivan Co., 843 F.2d 596, 598 (1st Cir. 1988) (Fed. R. Bankr. P. 9011 is derived from Fed. R. Civ. P. 11 and thus, "Rule 11 jurisprudence is largely transferable to Rule 9011 cases.")

When the Fed. R. Civ. P. 11 was amended in 1983, along with other civil procedure rules, its main goal was to implement two overriding policies: "(1) judges were to become more involved in managing and controlling litigation, particularly with respect to discovery practices, with an eye toward earlier pre-trial dispositions; and (2) lawyers were to act more responsibly toward the court, rather than mere narrow-minded adversaries with appropriate sanctions, including attorneys' fees looming as the stick." Georgene M. Vairo and Richard G. Johnson, Rule 11 Sanctions: Case Law, Perspective and Preventive Measures, American Bar Association (3rd ed. 2004), § 1.02, p. 5. As it currently stands, the purpose of Fed. R. Civ. P. 11 "is to deter, not compensate or punish, although the three purposes obviously overlap and in many situations all will be served by a particular sanction." Wright and Miller, Federal Practice and Procedure, Civil 3d § 1334 (2012). Moreover, "[t]he purpose of Rule 11 is to deter abusive litigation tactics and streamline the litigation process by lessening frivolous claims". White v. Burdick (In re CK Liquidation Corp.), 321 B.R. 355, 362 (B.A.P. 1st Cir. 2005). Hence, "[s]hortly after the 1983 amendments were adopted, reported cases revealed more frequent awards of attorneys' fees and other sanctions for abusive litigation." Rule 11 Sanctions, *supra*, at p. 5, citing Ruth Simon, Attorneys Face More Penalties, Nat'l L.J., Aug. 22, 1983 at 1 (discussing increasing incidence of such awards).

-14-

Similarly, Fed. R. Bankr. 9011 "require[s] an attorney to conduct himself in a manner bespeaking reasonable professionalism and consistent with the orderly functioning of the judicial system.  Subjective good faith is not the issue; generally Rule 9011 demands that counsel's actions comport with an objective standard of lawyerly performance." In re Terrón Hernández, 513 B.R. at 179 (citations omitted).  Like its Fed. R. Civ. P. 11 counterpart, the purpose of Fed. R. Bankr. P. 9011 is to "deter baseless filings in bankruptcy court and thus avoid unnecessary judicial effort, the goal being to make proceedings in that court more expeditious and less expensive.  The rule imposes sanctions on persons violating the rule, and, it is hoped, will act to deter future conduct of the same nature."  Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9011.01 (16th ed. 2014).

In Zagano v. Forham University, 720 F. Supp. 266, 268 (S.D.N.Y. 1989), the court found that filing a voluntary dismissal the day before the trial was scheduled after five years of litigation was sanctionable under Fed. R. Civ. P. 11 because it was "costly, burdensome and unnecessary".  In the exercise of its discretion, however, the court declined to impose monetary sanctions on the plaintiff's counsel because his "conduct did not arise so much out of bad faith on his part as out of the intransigence and irrationality of his client".  In the instant case, Ms. Anabelle Quiñones Rodríguez has not alleged or demonstrated any intransigence or irrationality from the HOA.

The undisputed documentary evidence in the record shows that the FDIC and Trigild[10] wrote emails to Ms. Anabelle Quiñones Rodríguez to: (a) express their concerns with the HOA's *Motion for Relief from Stay*; and (b) "dissipate any disagreements regarding [HOA's] request before the FDIC, Trigild and the Trustee contest [the] motion next week" (Docket No. 521-, Exhibit 4, p. 1) "without having to object to the HOA's motion" (Docket No. 486-1, Exhibit 1, p. 1).  The FDIC also expressed the foregoing in its *Motion for Extension of Time*:

---

[10] Ms. Anabelle Quiñones Rodriguez acknowledges receipt of the email sent to her by Trigild's legal counsel on September 3, 2014 (Docket No. 486-1, Exhibit 1, p. 1, and Docket No. 508-1, p. 3, ¶ 11).  The court notes that the email address used by Trigild (*anabelle@cglawpr.com*) is the same one that the FDIC used to send its email to Ms. Quiñones Rodríguez on August 29, 2014 (Docket No. 521-4, Exhibit 4, p. 1), which is the same one she provides in the signatures of her motions and briefs.

"The FDIC-R prefers to resolve its concerns without having to object to the Motion for Relief, so in view of the above, respectfully requests a very modest extension of seven (7) calendar days, through Thursday, September 4, 2014, to make a final effort to speak with HOA Ocean Club's counsel, or, if necessary, otherwise prepare and file its response to the Motion for Relief" (Docket No. 479, p. 1, ¶¶ 2-3).  Ms. Anabelle Quiñones Rodríguez, however, did not reply to any of such written requests.  Instead, hours before the September 9, 2014 hearing, that is, on September 8, 2014 at 4:51 p.m. she filed the terse *Motion Withdrawing Document and to Vacate Hearing* (Docket No. 490) and asserts that:

> Since the HOA had withdrawned [*sic*] its motion and had requested the cancellation of the hearing and taking into account that all parties received a copy of the docket entry simultaneously through the CM/ECF system, there was no apparent need to call counsel from the parties to communicate to them our filing and there is no disposition of the Bankruptcy Rules to that effect.

Docket No. 508-1, p. 4, ¶ 17.

The court finds that Ms. Anabelle Quiñones Rodríguez's failure to respond to the emails sent to her by the FDIC and Trigild caused "unnecessary delay" and "needless increase in the cost of litigation" in contravention of Fed. R. Bankr. P. 9011(b)(1).  The court further finds that her assertion that "there was no apparent need to call counsel from the parties to communicate to them [her] filing" hours away from the September 9, 2014 hearing, in spite of the emails sent by the FDIC and Trigild to that effect constitutes lack of "reasonable professionalism" and courtesy.  In re Terrón Hernández, 513 B.R. at 179, quoting In re D.C. Sullivan Co., 843 F. 2d 596, 598-599 (1st Cir. 1988).  Such actions, in the totality of circumstances, were unduly "costly, burdensome [to the FDIC and to Trigild] and unnecessary".  Zagano v. Forham University, 720 F. Supp. at 268.  In addition, her unapologetic attitude[11] at the September 9, 2014 hearing and her subsequent motions and briefs shows intransigence, which is inconsistent

---

[11] The court also notes that while the HOA's *Motion Withdrawing Document and to Vacate Hearing* (Docket No. 490) was filed the day before the September 9, 2014 hearing at 4:51 p.m. and a *Response* thereto had been filed by the FDIC at 6:52 a.m. the day of the hearing (Docket No. 491), the HOA's counsel was "surprised" that the contested matter would be heard by the court. Ms. Anabelle Quiñones Rodríguez's *Statement Under Penalty of Perjury*, Docket No. 508-1, p. 5, ¶ 19.

with the requirements that pleadings not be presented "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and that claims be "warranted by existing law". Fed. R. Bankr. P. 9011. Therefore, the court finds Ms. Anabelle Quiñones Rodríguez's conduct sanctionable under Fed. R. Civ. P. 11(b)(1) and Fed. R. Bankr. P. 9011(b)(1).

The Trustee and the FDIC seek sanctions under Fed. R. Bankr. P. 9011 against the HOA and Ms. Anabelle Quiñones Rodríguez and the Castellanos Law Firm jointly and severally. See Docket No. 497, p. 4, and Docket No. 521, p. 18. Fed. R. Bankr. P. 9011(c) states as follows:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
> (1) *How Initiated.*
>
> (A) *By Motion*. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. **Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.**

Fed. R. Bankr. P. 9011(c) (emphasis added).

Before 1997, sanctions sought under to Fed. R. Bankr. P. 9011 were held inapplicable to the law firm of an attorney. See In re Dubrowsky, 206 B.R. 30, 36 (Bankr. E.D.N.Y. 1997), aff'd 244 B.R. 560 (E.D.N.Y. 2000). In 1997, however, Congress amended the Fed. R. Bankr. P. 9011 to conform it to the changes made to Fed. R. Civ. P. 11 in 1993. See R&J Ventures, Inc. v. Gentile (In re R & J Ventures, Inc.), 2007 Bankr. LEXIS 4109 at **14-16 (Bankr.

N.D.N.Y. 2007). "One such change was to make a law firm jointly responsible for violations committed by its partners, associates and employees." Id. Currently, "[i]n the absence of exceptional circumstances, a law firm should be held jointly responsible when, as a result of a motion for sanctions, a partner, associate or employee of the firm is found to have violated Rule 9011." Alan N. Resnick and Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9011.07[2] (16th ed. 2015). Also see Desiderio v. Parikh (In re Parikh), 508 B.R. 572, 595-596 (Bankr. E.D.N.Y. 2014) (finding the law firm liability jointly and severally for the attorney's sanction under Fed. R. Bankr. P. 9011 "because no extraordinary circumstances exist that would exclude the law firm from liability" under Fed. R. Bankr. P. 9011(c)(1)(A)). In the in instant case, the Castellanos Law Firm has not alleged or demonstrated any such extraordinary circumstances. Therefore, the court concludes that the Castellanos Law Firm is jointly and severally liable, along with Ms. Anabelle Quiñones Rodríguez, with respect to the sanctions being imposed.

There is no evidence in the record that the HOA itself violated Fed. R. Civ. P. 11 and/or Fed. R. Bankr. P. 9011. Hence, sanctions will only be imposed on the HOA's counsel. See Tenkku v. Normandy Bank, 348 F.3d 737 (8th Cir. 2003) (the court did not abuse its discretion in awarding costs and fees to the defendant in defending a frivolous motion, but it erred in imposing the sanction on the plaintiff, as opposed to her counsel, absent a showing that she violated Fed. R. Civ. P. 11 or vexatiously multiplied the proceedings).

*(D)     Sanctions under 28 U.S.C. § 1927*

Section 1927 of the U.S. Judicial Code states as follows:

*Counsel's liability for excessive costs*

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The purpose of this statute is to deter unnecessary delays in litigation. <u>See</u> HR. Conf. Rep. No 12234, 96th Cong., 2nd Sess. 8, reprinted in 1980 Code Cong. & Ad. News, 2716, 2782; <u>Oliveri v. Thompson</u>, 803 F.2d 1265, 1273 (2nd Cir. 1986). Sanctions under Section 1927 can only be imposed against attorneys, not parties. <u>See</u> <u>Zuk v. Eastern Penn. Psychiatric Inst. of Med. College of Penn.</u>, 103 F.3d 294, 297-298 (3rd Cir. 1996) (sanctions against both client and counsel could not be affirmed on basis of 28 U.S.C. § 1927, because the statute permits award against counsel only); <u>Proctor Gamble Co. v. Amway Corp.</u>, 280 F.3d 519, 529 (5th Cir. 2002) (the trial court erred in awarding sanctions against a party under 28 U.S.C. § 1927, so the case was remanded for reconsideration as to whether sanctions should be imposed on counsel only); <u>Kansas Public Employees Retirement Sys. v. Reimer & Koger Assocs.</u>, 165 F.3d 627, 630 (8th Cir. 1999) (because the sanction order under 28 U.S.C. § 1927 improperly imposed fees and costs on the party, the Court of Appeals for the Eight Circuit modified it to impose sanctions on the attorney only).

"Behavior is deemed 'vexatious', for purposes of § 1927, when it is harassing or annoying, regardless of whether it is intended to be so." <u>Bobe-Muniz v. Caribbean Restaurants, Inc.</u>, 76 F. Supp. 2d 171, 175 (D.P.R. 1999). "Garden-variety carelessness or even incompetence, without more, will not suffice to ground the imposition of sanctions under section 1927. Rather, an attorney's actions must evince a studied disregard of the need for an orderly judicial process or add up to a reckless breach of the lawyer's obligations as an officer of the court. Bad faith is not an essential element, but a finding of bad faith is usually a telltale indicium of sanctionable conduct." <u>Jensen v. Phillips Screw Co.</u>, 546 F.3d 59, 64 (1st Cir. 2008) (citations omitted). Thus, "the attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned. It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, **thus displaying a serious and studied disregard for the orderly process of justice**. … Yet, … section 1927's requirement that the multiplication of the proceedings be 'vexatious' necessarily demands that

the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence." Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990) (citations omitted, emphasis added).

The court finds that Attorney Anabelle Quiñones Rodríguez's actions display a disregard for the orderly process of justice, not negligence, inadvertence or incompetence. See Cruz v. Savage, 896 F.2d at 632. Not responding to emails from opposing counsels that expressly requested an opportunity to resolve a controversy scheduled for a hearing and then, without a courtesy call to them, deliberately withdrawing the motion that creates the controversy only hours away from the hearing, is an unacceptable "disregard for the orderly process of justice", especially from an officer of the court[12]. Id. The court finds that the September 9, 2014 hearing, along with its inherent costs and attorneys' fees, could have easily been avoided had Ms. Quiñones Rodríguez answered the emails and/or phone calls[13] to opposing counsels, who attempted in good faith to avoid the hearing. Therefore, the court finds Ms. Quiñones Rodríguez's conduct sanctionable under 28 U.S.C. § 1927.

The query now turns as to whether sanctions under 28 U.S.C. § 1927 may be imposed jointly and severally on the Castellanos Law Firm. Some courts have held that an attorney sanctioned under Section 1927 of the Judicial Code must be held personally liable for the amount of the sanction, and the award may not be made against the law firm of which counsel is a member. See e.g. BDT Prods. v. Lexmark Int'l, Inc., 602 F.3d 742, 750-751 (6th Cir. 2010) (law firm is not "attorney or other person admitted to conduct cases" under language of 28 U.S.C. § 1927, so sanction under statute must be borne by individual attorney, not employing law firm); Claiborne v. Wisdom, 414 F.3d 715, 722-724 (7th Cir. 2005) (28 U.S.C. § 1927 sanction may be entered against individual attorney only, not against law firm, though the court recognized that the law firm might be responsible under state law of *respondeat superior*). Other courts, however, have held that Section 1927 sanctions may be ordered as to the "firm as

---

[12] ABA Model Rule of Professional Conduct 3.2, applicable to this court through PR L. Civ. R. 83E(a) and PR LBR 1001-1(b), requires attorneys to take all efforts to expedite litigation.

[13] Even assuming *in arguendo* that Ms. Quiñones Rodríguez did not receive the phone calls from the opposing counsels, she was or should have been aware that they were trying to reach her because the FDIC's *Motion for Extension of Time* filed with the court expressly stated their attempts to do so. See Docket No. 479, p. 1, ¶¶ 2-3.

-20-

a whole" for the conduct of individual lawyers, especially when the court also sanctions under its inherent powers. See Enmon v. Prospect Capital Corp., 675 F.3d 138, 147-148 (2nd Cir. 2012); LaPrade v. Kidder Peabody & Co., 146 F.3d 899, 900 (D.C. Cir. 1998); Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991); Baker Indus., Inc. v. Cerberus Ltd., 764 F.2d 204, 206 (3rd Cir. 1985).  Because the 28 U.S.C. § 1927 sanctions in the instant case are also imposed under the court's inherent power and under Fed. R. Bankr. P. 9011, the court will impose the Section 1927 sanctions on Ms. Quiñones Rodríguez and the Castellanos Law Firm jointly and severally.

*(E)      The Court's Inherent Power*

"[F]ederal courts have inherent power to discipline attorneys who appear before it". Ryan v. Astra Tech, Inc., 772 F.3d 50, 56 (1st Cir. 2014).  "It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed within a Court, because they are necessary to the exercise of all others.  For this reason, Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.  These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases". Chambers v. NASCO, Inc., 501 U.S. at 43 (quotations and citations omitted).  In Puerto Rico, PR L. Civ. R. 83E(c) and (d), applicable to the instant case through PR LBR 1001-1(b), preserves this court's inherent power to sanction attorneys appearing before it.

The inherent power to sanction is broad.  Chambers v. NASCO, Inc., 501 U.S. at 46. The scope of the power reaches any abuse of the judicial process. Id. at 44.  Hence, "[a] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45-46 (quotations and citations omitted).  The inherent power of the court includes the authority to sanction for abuses that occur "beyond the courtroom". Id. at 57.

The court finds that Ms. Quiñones Rodríguez's actions and omissions stated above constitute dilatory litigation, all of which is sanctionable under this court's inherent power.

*(F)     Standard to Determine the Amount of Sanctions*

"The same standards of compensation and reimbursement apply whether sanctions are awarded under Fed. R. Bankr. P. 9011, 28 U.S.C. § 1927 or the Court's inherent power." In re Emanuel, 422 B.R. at 467, citing PaineWebber, Inc. v. Can Am Financial Group, Ltd., 121 F.R.D. 324, 334 (N.D. Ill. 1988), aff'd without op., 885 F.2d 873 (7th Cir. 1989).

In In re Emanuel, the court developed the following criteria to determine the amount of the sanctions:

> The injured party can recover those attorney's fees incurred attributable to investigating, researching and fighting the [party's] petition as well as the fees incurred to research, prepare and prosecute its sanctions motion. The amount to be awarded is committed to the Court's discretion. The Court normally begins with the lodestar amount, which it may then adjust upwards or downwards.
>
> The party seeking compensatory sanctions must ordinarily provide the Court with contemporaneous time and expense records for each attorney and paralegal that specify the date, amount of time, and nature of the work performed, and must also show that the fees and expenses were reasonable and necessary. The party may also be able to satisfy its burden by submitting a sworn affidavit that provides the same information [].
> 422 B.R. at 467.

The injured party must submit "records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficientparticularity so that the [] court can assess the time claimed for each activity. A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations and quotations omitted). If the documentation is inadequate, the court may reduce the award accordingly. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In addition to attorneys' fees, 28 U.S.C § 1927 awards the injured party "excess costs and expenses" incurred. Evidence to that effect must also be submitted to the courtp.

Conclusion

In view of the foregoing, the HOA's *Motion for Reconsideration* (Docket No. 519) is hereby denied. In addition, the court hereby sanctions Ms. Anabelle Quiñones Rodríguez and the Castellanos Law Firm jointly and severally under Fed. R. Bankr. P. 9011, 28 U.S.C. § 1927 and the court's inherent power, to pay the excess costs, expenses and fees in favor of the FDIC and the Trustee, which is the "mildest" form of sanctions[14]. The request for sanctions against the HOA is hereby denied. The FDIC and the Trustee are further ordered to submit an itemized description of their fees, excess costs and expenses in the manner described in subsection (F), *supra*, within 14 days. Ms. Anabelle Quiñones Rodríguez and the Castellanos Law Firm may file a response 14 days thereafter.

SO ORDERED.

In San Juan, Puerto Rico, this 13th day of March, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[14] Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d at 1066.