IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 12-5710 (ESL)

MJS LAS CROABAS PROPERTIES, INC.                          CHAPTER 11

    Debtor

OPINION AND ORDER

This case is before the court upon the *Motion for Stay Further Proceedings Pending Appeal of the Order Granting Motion for Sanctions* (the "*Motion for Stay Pending Appeal*", Docket No. 550) filed by Castellanos Group Law Firm L.L.C. ("Castellanos Law Firm") arguing that there is: "(1) [] likelihood that [it] will prevail on the merits of the appeal; (2) [] likelihood that [it] will be irreparably harmed absent a stay; (3) [] prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay". For the reasons stated below, the *Motion for Stay Pending Appeal* is hereby denied.

Procedural Background

On March 13, 2015, the court entered an *Opinion and Order* (Docket No. 534) sanctioning Ms. Anabelle Quiñones-Rodriguez and the Castellanos Law Firm jointly and severally under Fed. R. Bankr. P. 9011, 28 U.S.C. § 1927 and the court's inherent power, to pay the excess costs, expenses and fees in favor of the FDIC and the Chapter 7 Trustee. The FDIC and the Trustee were further ordered to submit an itemized description of their fees, excess costs and expenses in the manner described in Subsection (F) of the *Opinion and Order* within 14 days. Ms. Anabelle Quiñones-Rodríguez and the Castellanos Law Firm were granted 14 days thereafter to file their response to the fees to be submitted by the FDIC and the Chapter 7 Trustee. The court has not yet awarded or imposed any monetary sanctions against Ms. Anabelle Quiñones-Rodriguez and/or the Castellanos Law Firm.

On March 20, 2015, the Castellanos Law Firm filed a *Notice of Appeal* of the *Opinion and Order* to the Bankruptcy Appellate Panel for the Frist Circuit (the "BAP"). See Docket No. 536.

-1-

On March 27, 2015, the FDIC and the Chapter 7 Trustee filed their respective *Motion[s] in Compliance with Order*. See Docket Nos. 542 and 543.

Also on March 27, 2015, the Castellanos Law Firm filed a *Motion for Leave to Appeal Order Granting Motion for Sanctions/Supplementing Notice of Appeal* (Docket No. 544) listing the "facts necessary to an understanding of the questions to be presented on appeal" and stating "why appeal should be granted".

On March 31, 2015, the court entered an *Appeal Transmittal Form* to the BAP including the *Notice of Appeal*, a copy of the *Opinion and Order* appealed, a copy of the court docket and the motion to supplement the notice of appeal. See Docket Nos. 546 and 546-1. The BAP docketed the appeal as PR 15-020. Id.

On April 3, 2015, the Castellanos Law Firm filed a *Certification of No Transcript Ordered* informing it "will not be ordering a transcript of the record, with regards to the Notice of Appeal filed on March 20, 2015" (Docket No. 547) and the following *Statement[s] of Issues on Appeal* (Docket No. 548):

1.  The Court erred as a matter of law, by finding a need to impose sanctions on the Castellanos Law Firm jointly and severally, based on doctrines that mandate a finding of bad faith.

2.  The court abused its discretion, by erroneously interpreting and applying a principle contrary to the governing case law with regards to the sanctioning on law firms.

3.  Based upon the excessive amount of money requested by both the FDIC and the Trustee of the instant case, the same would be in clear violation of the "Excessive Fines "clause of the Eighth Amendment of the United States Constitution.

Docket No. 548, p. 1, ¶¶ 1-3.

On April 6, 2015, the Castellanos Law Firm filed a *Motion for Leave to File Motion to Stay Proceedings Pending Appeal in Excess of Ten Pages* (Docket No. 549) and the *Motion for Stay Pending Appeal* alleging, *inter alia*, that Ms. Anabelle Quiñones-Rodriguez "is an independent contractor that renders professional legal services, wherefore for practical purposes

is not affiliated with the Castellanos Law Firm, and as such, her actions cannot be attributed to the Castellanos Law Firm as a whole" (Docket No. 550, p. 12, fn. 4).

As of today, Ms. Anabelle Quiñones-Rodriguez and the Castellanos Law Firm have not filed a reply to the *Motion[s] in Compliance with Order* filed by the FDIC and the Chapter 7 Trustee.

<u>Applicable Law and Analysis</u>

A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007. The allowance of a motion for stay pending appeal is discretionary. Courts consider the traditional four-part standard applicable to preliminary injunctions. <u>See</u> <u>Acevedo-García v. Vera-Monroig</u>, 296 F.3d 13, 16 (1st Cir. 2002). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." <u>Id</u>. at 16, fn. 3, citing <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776-777 (1987). "'The *sine qua non* [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" <u>Id.</u> at 16, quoting <u>Weaver v. Henderson</u>, 984 F.2d 11, 12 (1st Cir. 1993). The degree of likelihood of success is not determinative, as it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, he/she/it may be entitled to a preliminary injunction if he/she/it demonstrates a strong probability that he/she/it will be injured if the court fails to act. <u>See</u> Wright, Miller & Kane, 11A <u>Federal Practice and Procedure</u> § 2948.3 (2nd ed. 2014). To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. <u>Ross-Simons of Warwick, Inc. v. Baccarat, Inc.</u>, 102 F.3d 12, 15 (1st Cir. 1996). "If the [movant] suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel.'" <u>Id.</u>

The court is not persuaded that the Castellanos Law Firm will likely succeed on the merits of the appeal. The *Opinion and Order* is interlocutory because the court has not yet

determined the amount of the sanctions. "Generally, an order imposing sanctions under [Fed. R. Bankr. P.] 9011 is final when the matter from which it arose becomes final." Kristan v. Turner (In re Kristan), 395 B.R. 500, 505-506 (B.A.P. 1st Cir. 2008). Also see White v. Burdick (In re CK Liquidation Corp.), 321 B.R. 355, 361 (B.A.P. 1st Cir. 2005) (an order imposing sanctions is final when the matter out of which it arose becomes final); In re Licht & Semonoff, 796 F.2d 564, 569-70 (1st Cir. 1986) (noting the "regrettable" fact that many interlocutory appeals from attorney-sanction orders have been entertained without considering appellate jurisdiction). "Normally, appellate jurisdiction depends upon the existence of a 'final judgment,' see 28 U.S.C. § 1291, that conclusively 'disposes of all the rights of all the parties to an action,' Licht, 796 F.2d at 569, 'leaving nothing for the trial court to do but execute the judgment,' Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 709, 135 L.Ed. 2d 1, 116 S.Ct. 1712 (1996). Thus, the 'final judgment' rule minimizes dilatory, piecemeal litigation, and promotes judicial efficiency. See Licht, 796 F.2d at 569 (citing Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374, 66 L.Ed. 2d 571, 101 S.Ct. 669 (1981))." United States v. Kouri-Pérez, 187 F.3d 1, 5 (1st Cir. 1999).

In addition, the court also weighs the statement made by the Castellanos Law Firm that Ms. Anabelle Quiñones-Rodriguez "is an independent contractor that renders professional legal services, wherefore for practical purposes **is not affiliated with the Castellanos Law Firm**, and as such, her actions cannot be attributed to the Castellanos Law Firm as a whole" (Docket No. 550, p. 12, fn. 4, emphasis added)[1]. The foregoing is in direct contrast with the record of the instant case. For instance, in the *Notice of Appearance* filed by Ms. Anabelle Quiñones-Rodriguez on May 16, 2013, she expressly requested that "an appearance by Anabelle Quiñones-Rodriguez, Esq. **from the law firm of Castellanos & Gierbolini**[2] **be entered**" (Docket No. 250, p. 1, ¶ 1, emphasis added). Moreover, in every subsequent motion

---

[1] The court notes that such statement was made by the Castellanos Law Firm for the first time in its *Motion for Stay Pending Appeal*.

[2] The Castellanos & Gierbolini Law Firm subsequently became the Castellanos Law Firm. See the *Statement Under Penalty of Perjury* executed by Ms. Anabelle Quiñones-Rodriguez, Docket No. 508-1, p. 1, ¶ 1.

electronically she signed and filed[3], her electronic signature was placed underneath the Castellanos Law Firm's information containing the address, telephone number (787-641-8447) and her email, *anabelle@cglawpr.com*, belonging to the Castellanos & Gierbolini Law Firm, which subsequently became the Castellanos Law Firm. See footnote no. 2, *supra*. Hence, the court concludes that contrary to the Castellanos Law Firm's allegation, the record in this case shows that Ms. Anabelle Quiñones-Rodriguez was affiliated with the law firm. Furthermore, Mr. Alfredo Castellanos Bayouth, "owner and founding member of the Castellanos Law Firm" (Docket No. 508-2, p. 1, ¶ 2), has been notified of all motions and orders entered in the lead bankruptcy case since he filed a *Notice of Appearance and Request to Receive Notices* on October 10, 2012 (Docket No. 76) on behalf of creditor Iris M. Mendez. Therefore, he has received electronic notice of all documents filed and entered in the instant lead bankruptcy case, including the motions filed by Ms. Qiuñones-Rodriguez as an affiliated attorney to the Castellanos Law Firm and the motions relevant to the contested matter on sanctions. In addition, Mr. Alfredo Castellanos Bayouth also informed this court that his law firm represents the Homeowner's Association of Ocean Club at Seven Seas, as does Ms. Qiuñones-Rodriguez, through the *Informative Motion Notifying Vacations and Moving of the Firm* filed on December 12, 2014 (Docket No. 527).

Finally, the Castellanos Law Firm has not demonstrated a strong probability that it will be injured if the court fails to act at this juncture as the court has not yet imposed sanctions.

Conclusion

In view of the foregoing, the *Motion for Stay Pending Appeal* filed by the Castellanos Law Firm (Docket No. 550) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 8th day of April, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[3] See Docket Nos. 345, 472, 490, 502, 503, 504, 508, 512 and 519.