IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 12-5710 (ESL)

MJS LAS CROABAS PROPERTIES, INC.                CHAPTER 7

    Debtor

OPINION AND ORDER

This case is before the court upon the second *Motion for Stay Further Proceedings Pending Appeal of the Order Granting Motion for Sanctions* (the "*Second Motion for Stay Pending Appeal*", Docket No. 611) filed by Castellanos Group Law Firm L.L.C. ("Castellanos Law Firm") arguing that there is: "(1) [] likelihood that [it] will prevail on the merits of the appeal; (2) [] likelihood that [it] will be irreparably harmed absent a stay; (3) [] prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay".  For the reasons stated herein, the *Second Motion for Stay Pending Appeal* is hereby denied.

Procedural Background

The first *Motion for Stay Further Proceedings Pending Appeal* was filed by the Castellanos Law Firm on April 6, 2015 (the "*First Motion for Stay Pending Appeal*", Docket No. 550) and denied through an *Opinion and Order* entered on April 8, 2015, (Docket No. 551), 2015 Bankr. LEXIS 1159, 2015 WL 1651085 (Bankr. D.P.R. 2015), ruling that the "court [was] not persuaded that the Castellanos Law Firm [would] likely succeed on the merits of the appeal" inasmuch as "the *Opinion and Order* [imposing sanctions (Docket No. 534) was] interlocutory because the court ha[d] not yet determined the amount of the sanctions".

On April 16, 2015, the Bankruptcy Appellate Panel for the First Circuit ("BAP") dismissed the appeal filed by Castellanos (BAP No. PR 15-020) for lack of jurisdiction inasmuch as the appealed order was not final because "the bankruptcy court [had] not quantif[ied] the amount of sanctions [and] postpone[d] that task until after the submission of

itemizations of fees and expenses by the Trustee and the FDIC." *Judgment of Dismissal*, Docket No. 559, p. 10.

On May 27, 2015, the court entered an *Order* (Docket No. 586) imposing sanctions against Ms. Anabelle Quiñones-Rodríguez and the Castellanos Law Firm, jointly and severally, in the uncontested amounts of **$2,667.50** in favor of the Debtor's bankruptcy estate through the Chapter 7 Trustee, as disclosed in the *Motion in Compliance* (Docket No. 542), and **$11,603.10** as disclosed in the *Itemized Description of Fees, Costs and Expenses in Compliance with Court Order* (Docket No. 543), to be disbursed as follows: $5,804.10 in favor of Toro, Colón, Mullet, Rivera & Sifre, P.S.C. and $5,799.00 in favor of the FDIC's in-house counsel, Mr. Jeffrey A. Sandell.

The Castellanos Law Firm filed a second appeal before the BAP on June 9, 2015. See Docket No. 592.

In the *Second Motion for Stay Pending Appeal*, the Castellanos Law Firm re-alleges the same arguments in the *First Motion for Stay Pending Appeal*: (a) it does not "need not satisfy all elements [for a stay pending appeal], but rather the Court must balance the above factors in the interest of justice" (Docket No. 611, p. 7); (b) the court "erred both factually, legally and in the exercise of its discretion in rendering its order, which resulted in the imposition of unwarranted and improper sanctions" (id., p. 8); (c) the court "must issue a 'show cause' order to give the alleged violator the opportunity to demonstrate why its conduct does not violate the Rule [11] [and that] **[s]uch procedural requirement never occurred in the present case** (id., p. 9, original emphasis); (d) the court abused its discretion upon imposing sanctions against the law firm; (e) the sanctions are excessive; and (f) the Castellanos Law Firm will be irreparably harmed absent a stay because "the imposition of excessive economic sanctions would cause tremendous economic hardship on the appearing party, which in effect will lead to the possibility of having to cease operations due to the size of our Firm or worst yet, the inevitable possibility of a finding of civil contempt" (id., p. 14).

-2-

Applicable Law and Analysis

"A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007. The allowance of a motion for stay pending appeal is discretionary." Otero-Rivera v. Lake Berkley Resort Master Ass'n (In re Otero-Rivera), 2015 Bankr. LEXIS 2034 at *3, 2015 WL 3826697 at * 1 (Bankr. D.P.R. 2015), quoting In re MJS Las Croabas Props., 2015 Bankr. LEXIS 1159 at *4, 2015 WL 1651085 at *2 (Bankr. D.P.R. 2015). Courts consider the traditional four-part standard applicable to preliminary injunctions. See Acevedo-García v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." Id. at 16, fn. 3, citing Hilton v. Braunskill, 481 U.S. 770, 776-777 (1987). "A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." In re MEDSCI Diagnostics, Inc., 2011 WL 280866 at *3, 2011 Bankr. LEXIS 283 at *8 (Bankr. D.P.R. 2011) (citations omitted). "Failure to satisfy even one of those requirements justifies denial of the stay." Gail v. New Eng. Gas Co., 2008 U.S. Dist. LEXIS 102678 at *38, 2008 WL 5245331 at *9 (D.R.I. 2008), citing In re Power Recovery Sys. Inc., 950 F.2d 798, 804 n. 31 (1st Cir. 1991). Also see In re Turner, 207 B.R. 373, 374 (BAP 2nd Cir. 1997); In re Bijan-Sara Corp., 203 B.R. 358, 360 (BAP 2nd Cir. 1996). These factors are weighed according to the unique circumstances of each case to ensure a just result. See Palazzetti Imp./Exp., Inc., 2002 U.S. Dist. LEXIS 6558 at *7, 2002 WL 562654 at *2 (S.D.N.Y. 2001). In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the "most critical". Nken v. Holder, 129 S.Ct. 1749, 1761 (2009). Of those two factors, "'[t]he *sine qua non* [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" Acevedo-García v. Vera-Monroig, 296 F.3d at 16, quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). Also see Elias v. Sumski (In re Elias), 182 Fed. Appx. 3, 4 (1st Cir. 2006) ("the *sine qua non* of

the stay pending appeal standard is whether the movants are likely to succeed on the merits"). Although the degree of likelihood of success is not determinative, it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, he/she/it may be entitled to a preliminary injunction if he/she/it demonstrates a strong probability that he/she/it will be injured if the court fails to act. See Wright, Miller & Kane, 11A Federal Practice and Procedure § 2948.3 (2nd ed. 2014). To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996).

In Daly v. St. Germain (In re Norwich Historic Pres. Trust), 2005 US Dist. LEXIS 7171, 2005 WL 977067 (D. Conn. 2005), the U.S. District Court for the District of Connecticut declined to stay a sale of real property pending resolution of unsecured creditor's appeal because, although creditor showed irreparable harm, he did not satisfy other requirements for obtaining the stay.

In In re Otero-Rivera, 2015 Bankr. LEXIS 2034 at *5, 2015 WL 3826697 at *2, the court ruled that, based on the totality of the circumstances, the assertion made by the movant of the stay that "'absent a stay pending appeal, [it would] become insolvent' [] is insufficient for this court to grant" the stay pending appeal. The court also denied the stay pending appeal concluding that the movants of the stay had not established the "*sine qua non* requirement [], to wit, the likelihood to succeed on the merits". Id.

In the instant case, based on the totality of the circumstances, the court does not find that the Castellanos Law Firm has established the *sine qua non* requirement for a stay pending appeal, to wit, the likelihood to succeed on the merits. See the *Transcript* of the hearing held on September 9, 2014 (Docket No. 499) and the *Opinion and Order* entered on March 13, 2015 (Docket No. 534), 530 B.R. 25 (Bankr. D.P.R. 2015). Contrary to the Castellanos Law Firm's assertion that the court did not "give [it an] opportunity to demonstrate why its conduct does not violate the Rule [11]", during the September 9, 2014 hearing, after having considered the

-4-

arguments espoused by the parties, the court preliminarily determined that "if the failure to answer calls prompted the respondent to incur expenses, they should be compensated" but withheld a final determination until the Castellanos Law Firm filed its response "because as a matter of due process, [the Castellanos Law Firm] should be given time to respond to the allegations [in the FDIC's *Response*] which, in [the court's] opinion, are serious allegations" (*Transcript* of the September 9, 2014 hearing, Docket No. 499, p. 7, lines 16-18). In view of the foregoing, the court stated as follows:

> THE COURT: So how much time do you need to respond [to the request for sanctions]?
> MS. QUINONES: Ten days.
> THE COURT: I'll grant you fourteen days to file a response.
> MS. QUINONES: Thank you.
>
> *Transcript* of the September 9, 2014 hearing, Docket No. 499, p. 7, lines 19-22.

Based on the foregoing, the court considered the arguments espoused by the Castellanos Law Firm in its *Opposition to Request for Sanctions* (Docket No. 508). See the *Opinion and Order* entered on March 13, 2015 (Docket No. 534), *supra*, considering such arguments.

In Charbono v. Sumski (In re Charbono), __ F.3d __, 2015 U.S. App. LEXIS 10053 at *12, 2015 WL 3653610 at *5 (1st Cir. 2015), the U.S. Court of Appeals for the First Circuit (the "First Circuit") ruled that when a court imposes sanctions, the affected party has a right to receive notice and an opportunity to be heard. Notwithstanding,

> So, too, the debtor had a full opportunity to be heard. His counsel filed a written objection to the Trustee's motion and appeared with the debtor at a hearing that aired a host of arguments. No more was exigible to safeguard the debtor's right to fundamental fairness.
>
> In re Charbono, __ F.3d __, 2015 U.S. App. LEXIS 10053 at *13, 2015 WL 3653610 at *5.

In the instant case, the court considered the arguments by the Castellanos Law Firm at the September 9, 2014 hearing (Docket No. 499) and the *Opposition to Request for Sanctions* it filed on October 8, 2014 (Docket No. 508). Therefore, the court afforded the Castellanos Law

Firm with due process. See In re Charbono, __ F.3d __, 2015 U.S. App. LEXIS 10053 at *13, 2015 WL 3653610 at *5.

In regards to the irreparable harm alleged by the Castellanos Law Firm if a stay pending appeal is not granted, no evidence to that extent was provided or referenced. "[M]ere allegations are not evidence." Jiménez-García v. Dep't of Treasury (In re Jiménez-García), 2012 Bankr. LEXIS 5191 at *19 (Bankr. D.P.R. 2012). Also see Zilberstein v. Kendall College, 286 Fed. Appx. 938, 940 (7th Cir. 2008) ("mere allegations are not 'evidence'"); Tibbs v. City of Chicago, 469 F.3d 661, 663 fn. 2 (7th Cir. 2006) ("mere allegations of a complaint are not evidence"); Fantini v. Salem State College, 557 F.3d 22, 26 (1st Cir. 2009) ("the Court shall not accept ... bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, or subjective characterizations, optimistic predictions, or problematic suppositions" under Fed. R. Civ. P. 12(b)(6)).

The Castellanos Law Firm also states as follows:

> The appearing third party law firm in the instant proceeding would like to remind this Court that Ms. Anabelle Quiñones still remains as counsel of record, wherefore, the movants are free to pursue the enforcement of sanctions against her, as she is not part of the appeal being requested by the appearing third party law firm to the instant case.
>
> …
>
> [T]he Bankruptcy Court abused its discretion by imposing sanctions against a third party law firm, for the actions of an independent contractor [referring to Ms. Anabelle Quiñones Rodriguez], ruling against the long standing federal judicial policy of not imposing sanctions against a law firm.
>
> *Second Motion for Stay Pending Appeal*, Docket No. 611, p. 2, fn. 2, and p. 3.

The court addressed this averment in the *Opinion and Order* entered on April 8, 2015 (Docket No. 550, pp. 4-5):

> In addition, the court also weighs the statement made by the Castellanos Law Firm that Ms. Anabelle Quiñones-Rodriguez "is an independent contractor that renders professional legal services, wherefore for practical purposes **is not affiliated with the Castellanos Law Firm**, and as such, her actions cannot be attributed to the Castellanos Law Firm as a whole" (Docket No. 550, p. 12, fn. 4,

emphasis added)[1]. The foregoing is in direct contrast with the record of the instant case. For instance, in the *Notice of Appearance* filed by Ms. Anabelle Quiñones-Rodriguez on May 16, 2013, she expressly requested that "an appearance by Anabelle Quiñones-Rodriguez, Esq. **from the law firm of Castellanos & Gierbolini**[2] **be entered**" (Docket No. 250, p. 1, ¶ 1, emphasis added). Moreover, in every subsequent motion electronically she signed and filed[3], her electronic signature was placed underneath the Castellanos Law Firm's information containing the address, telephone number (787-641-8447) and her email, *anabelle@cglawpr.com*, belonging to the Castellanos & Gierbolini Law Firm, which subsequently became the Castellanos Law Firm. See footnote no. 2, *supra*. Hence, the court concludes that contrary to the Castellanos Law Firm's allegation, the record in this case shows that Ms. Anabelle Quiñones-Rodriguez was affiliated with the law firm. Furthermore, Mr. Alfredo Castellanos Bayouth, "owner and founding member of the Castellanos Law Firm" (Docket No. 508-2, p. 1, ¶ 2), has been notified of all motions and orders entered in the lead bankruptcy case since he filed a *Notice of Appearance and Request to Receive Notices* on October 10, 2012 (Docket No. 76) on behalf of creditor Iris M. Mendez. Therefore, he has received electronic notice of all documents filed and entered in the instant lead bankruptcy case, including the motions filed by Ms. Qiuñones-Rodriguez as an affiliated attorney to the Castellanos Law Firm and the motions relevant to the contested matter on sanctions. In addition, Mr. Alfredo Castellanos Bayouth also informed this court that his law firm represents the Homeowner's Association of Ocean Club at Seven Seas, as does Ms. Qiuñones-Rodriguez, through the *Informative Motion Notifying Vacations and Moving of the Firm* filed on December 12, 2014 (Docket No. 527).

*Opinion and Order* entered on April 8, 2015 (Docket No. 550, pp. 4-5), 2015 Bankr. LEXIS 1159 at \*\*7-8, 2015 WL 1651085 at \*3 (original footnotes).

The court will not revisit such determination at this juncture.

Conclusion

In view of the foregoing, the *Motion for Stay Pending Appeal* filed by the Castellanos Law Firm (Docket No. 611) is hereby denied.

---

[1] The court notes that such statement was made by the Castellanos Law Firm for the first time in its [*First*] *Motion for Stay Pending Appeal*.

[2] The Castellanos & Gierbolini Law Firm subsequently became the Castellanos Law Firm. See the *Statement Under Penalty of Perjury* executed by Ms. Anabelle Quiñones-Rodriguez, Docket No. 508-1, p. 1, ¶ 1.

[3] See Docket Nos. 345, 472, 490, 502, 503, 504, 508, 512 and 519.

SO ORDERED.

In San Juan, Puerto Rico, this 30th day of June, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

-8-